```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

DANIEL MICHEL,

               Petitioner,

vs.                              Case No.   2:05-cv-191-FtM-29DNF
                                         Case No.   2:03-cr-126-FTM-29DNF

UNITED STATES OF AMERICA,

               Respondent.
_____/

## OPINION AND ORDER

     This matter comes before the Court on petitioner's Motion to Vacate, Set Aside or, Correct Sentence Pursuant to 28 U.S.C. 2255 (Doc. #1), filed on May 3, 2005. The government filed a Response (Doc. #8) on July 1, 2005.

     On November 12, 2003, petitioner, along with others, was indicted on a four-count Indictment (Doc. #35) for conspiracy to possess with intent to distribute, and knowingly using and carrying a firearm during and in relation to a drug trafficking crime. On January 28, 2004, pursuant to a Plea Agreement (Doc. #90), petitioner pled guilty to Counts One and Four of the Indictment (Doc. #35). The plea was accepted on January 29, 2004. (See Doc. #102). On April 26, 2004, petitioner was sentenced to an 87 month term of imprisonment on Count One; a 60 month term of imprisonment on Count Four, to run consecutively; and to 5 years of supervised release. Judgment (Doc. #164) was entered on April 27, 2004. No

direct appeal was filed. Petitioner filed his Motion under § 2255 on May 3, 2005, seeking habeas relief.[1] The sole issue is whether petitioner's attorney was ineffective for failing to file a Notice of Appeal when sought by the petitioner.

**I.**

Issues of ineffective assistance of counsel can be raised in a § 2255 proceeding even where petitioner could have raised the issues on direct appeal but failed to do so. Massaro v. United States, 538 U.S. 500 (2003). The Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). See also Wiggins v. Smith, 123 S.Ct. 2527 (2003); Williams v. Taylor, 529 U.S. 362 (2000). The

---

[1] Giving petitioner the benefit of the "mailbox rule", Houston v. Lack, 487 U.S. 266 (1988), Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001), the Court will deem April 26, 2005, the date petitioner served a copy of the § 2255 Motion on the government, as the filing date of the § 2255 Motion. (See Doc. #1, p. 6). As a result, petitioner's § 2255 Motion was timely filed under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The government concedes as to the timeliness of the § 2255 Motion.

Strickland standard applies where the issue is whether counsel was constitutionally ineffective for failing to file a notice of appeal. Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). The law is clear that an attorney is ineffective if he disregards specific instructions to file a notice of appeal, even if an appeal would have no meritorious issues. Flores-Ortega, 528 U.S. at 477; Martin v. United States, 81 F.3d 1083 (11th Cir. 1996); Gray v. United States, 834 F.2d 967 (11th Cir. 1987).

**II.**

The Court appointed Diane Muenze Gonzalez as counsel of record on November 3, 2003. Petitioner states, by Affidavit Pursuant to Rule 56(e) (Doc. #1, pp. 7-9), that counsel Gonzalez entered the plea with his consent. Petitioner states that he wrote attorney Gonzalez with a request that she file a Notice of Appeal, and that he could testify that she did not respond to his May 4, 2004, letter. (Id. at p. 10). Petitioner wrote three letters, dated April 14, 2005, to: (1) attorney Gonzalez seeking the status of the appeal; (2) the Clerk of the United States District Court to obtain a copy of the Notice of Appeal; and (3) the Clerk of the Eleventh Circuit Court of Appeals to confirm the status of the appeal on their docket. (Id. at pp. 11-13). Petitioner attached responses from the Clerks from the Middle District of Florida and the Eleventh Circuit Court of Appeals confirming that no such Notice of Appeal had been filed and no appeal was pending. No response from attorney Gonzalez is attached.

The government states that, despite repeated efforts, attorney Gonzalez could not be reached to rebut the statements by petitioner.  The government further states that they agree that petitioner is entitled to an out-of-time appeal based on the record.

The Court concludes that an evidentiary hearing is not necessary and the motion must be granted so as to allow a belated appeal.  Without any argument to the contrary, the Court finds that counsel was deficient by failing to file the Notice of Appeal when directed to by her client.  The Court will follow the procedure outlined in <u>United States v. Phillips</u>, 225 F.3d 1198 (11th Cir. 2000), and petitioner will therefore be allowed an out-of-time appeal.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.  Petitioner's Motion to Vacate, Set Aside or, Correct Sentence Pursuant to 28 U.S.C. 2255 (Doc. #1) is **GRANTED.**

2.  The April 27, 2004, Judgment in a Criminal Case  (Doc. #164) in Case No. 2:03-cr-126-FTM-29DNF is **vacated.**

3.  Petitioner Daniel Michel is hereby **re-sentenced** to the same sentence as originally imposed in the Judgment in a Criminal Case (Case No. 2:03-cr-126-FTM-29DNF, Doc. #164), and the Clerk of the Court shall enter a new Judgment in a Criminal Case imposing the same terms as originally imposed.

4.  The Court finds that Petitioner Daniel Michel was found to be indigent for the criminal proceedings in Case No. 2:03-cr-126-FTM-29DNF.  As a result, finding no change in status, Petitioner Daniel Michel is entitled to "appeal without prepaying costs and without establishing the right to proceed in forma pauperis."  Fed. R. App. P. 24-1(b); 28 U.S.C. § 1915.  The Court further finds that Petitioner Daniel Michel is still entitled to an appointment of counsel for the belated direct appeal.  See 18 U.S.C. §3006A(b). The Court appoints Richard Creel, Esq. to represent petitioner on the direct appeal in Case No. 2:03-cr-126-FTM-29DNF.  The Clerk of the Court shall provide counsel with a criminal appeal checklist and update the docket to reflect Mr. Creel as counsel of record.

5.  The Clerk shall file a copy of this Opinion and Order in the criminal case, Case No. 2:03-cr-126-FTM-29DNF.

6.  The Clerk shall enter a Judgment in the civil case granting § 2255 habeas relief in favor of petitioner Daniel Michel, and close the civil file.

**DONE AND ORDERED** at Fort Myers, Florida, this ___29th___ day of July, 2005.

*John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
United States Magistrate Judge
MAGCD
Daniel Michel
Richard Creel